# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
   -------------------------------------------------------------
   Riley Johannessohn, Daniel C.   )
   Badilla, James Kelley, Ronald   ) File No. 16-CV-3348
   Krans, Kevin R. Wonders,        )        (PJS/LIB)
   William Bates, James Pinion,    )
   individually and on behalf of   )
   others similarly situated,      ) Minneapolis, Minnesota
          Plaintiffs,              ) February 22, 2017
      v.                           ) 8:30 a.m.
   Polaris Industries, Inc.,       )
          Defendant.               )
   -------------------------------------------------------------
              BEFORE THE HONORABLE PATRICK J. SCHILTZ
                UNITED STATES DISTRICT COURT JUDGE
                         (MOTION HEARING)
```

**APPEARANCES**

For the Plaintiffs:   **COHEN, MILSTEIN, SELLERS & TOLL, PLLC**
                      **DOUGLAS McNAMARA, ESQ.**
                      1100 New York Ave. NW, #500 East
                      Washington, DC 20005

                      **LOCKRIDGE, GRINDAL, NAUEN, PLLP**
                      **KATE BAXTER-KAUF, ESQ.**
                      100 Washington Ave. S., #2200
                      Minneapolis, Minnesota 55401

                      **COHEN, MILSTEIN, SELLERS & TOLL, PLLC**
                      **THEODORE LEOPOLD, ESQ.**
                      2925 PGA Blvd., #200
                      Palm Beach Gardens, Florida 33410

                      **GORDON & DONER**
                      **STEVEN CALAMUSA, ESQ.**
                      4114 Northlake Blvd.
                      Palm Beach Gardens, Florida 33410

For the Defendant:    **BOWMAN AND BROOKE, LLP**
                      **ROBERT WISE, ESQ.**
                      **ISAAC MESSMORE, ESQ.**
                      **NATHAN MARCUSEN, ESQ.**
                      901 E. Byrd St., #1650
                      Richmond, Virginia 23219

```
 1      Court Reporter:          DEBRA BEAUVAIS, RPR-CRR
                                 300 S. 4th St., #1005
 2                               Minneapolis, Minnesota 55415

 3

 4

 5      Proceedings recorded by mechanical stenography;
        transcript produced by computer.
 6
```

a cleaner -- I'm sorry, Judge Tigar in a cleaner way in the *Clancy* case says, I'm not going to do this at the pleading stages. As long as it's plausible under Rule 12(b)(6), I'm letting it go until Rule 23 and then we can look at it and sort it out in discovery. And, of course, the first things we'll ask for in discovery is how many models got warranty repairs, how many have seat kits, exhaust shield kits. And if it turns out there's material differences, we will know and we will not be able to move for them.

What I fear would happen, and what seems to happen with these kinds of motions, is -- and it has been alluded to by defense counsel -- there is an attempt to narrow discovery at the outset: well, I'm not going to give you anything besides the 1000s or the 800s. Well, okay. Then we have to get a plaintiff that got a 1000 or an 800 so we can get that model. And you end up with a slow churning and slog through discovery just to get to finally what you have, what is and what is not in the case.

THE COURT: Mr. Wise, though, I am concerned about his point. Judge Tigar conceded that it's a concern about the potential enormous scope of discovery right up front before we even decide it there.

How does a magistrate judge in, like, this case -- how would -- is it Judge Brisbois that is the magistrate judge?

1          MR. McNAMARA:  Yes, Your Honor.

2          THE COURT:  Yes.  So how is he going to protect
3   Polaris from having to disclose millions and millions of
4   pages of documents only to decide what the scope of the
5   class is going to be?

6          MR. McNAMARA:  Well, first off, because we're not
7   saying, for example, all ATVs, such as their Razor, or all
8   their recreational vehicles, such as their snowmobiles.  We
9   have limited to a particular model line, the Sportsmans.

10          And the defendants referred Your Honor to the
11   owner's manuals in their opposition.  What we found for the
12   2016 there were two owner's manuals.  There is one that
13   covers the 850 and the 1000, and there is another one that
14   covers the 300, the 400, the 570 and all those variants,
15   whether it's an XP or a high lifter.  So these are
16   distinctions we think without a difference.  Out of the gate
17   this is not an outlandishly difficult proceeding to figure
18   out which are involved.

19          And, secondly, in terms of discovery, we would be,
20   as far as we would argue, entitled to get information on all
21   the Sportsman models in order to assess knowledge of a
22   defect.  Even if Your Honor held, well, right now since
23   nobody has a -- say no one has a 500, that's not in the
24   case, we would still seek information about the 500 because
25   that's going to go to, well, what did you know about it?  If

1  it's the same design, same configuration, then it's relevant
2  to whether or not you knew there was a problem. How many of
3  those got seat kits? How many of those got shield kits? It
4  all goes to the fact what did you know and when did you know
5  it. So it's not sparing them anything by doing that. It's
6  just kicking the can to Judge Brisbois.
7          THE COURT: Wouldn't the starting point for
8  discovery -- I mean, I don't mean to step in and be the
9  magistrate judge, but wouldn't the starting point be, first
10 of all, to confirm that this series of models does in fact
11 have the same exact configuration of the exhaust system?
12 The complaint says it's the configuration of the exhaust
13 system that's the defect.
14         MR. McNAMARA: Correct.
15         THE COURT: If there's a model that doesn't have
16 that configuration, then it seems to me that takes the model
17 off the table.
18         MR. McNAMARA: Absolutely. And if Defendant
19 responded when we said give us all the warranty
20 information -- the heat shield kits you have sold; the seat
21 kits you have sold, which, by the way, are the same part,
22 they don't differ between models, the seat kits, same one
23 for the last six years -- then if they responded no, you are
24 incorrect, the configuration on the youth model is
25 different, well, they would have a pretty good grounds to

say to us and to the judge we object.  And unless we could convince the judge otherwise, we wouldn't be entitled to that information.

THE COURT:  Okay.

MR. McNAMARA:  One thing I want to address and part of it is to save the efforts of the paralegals who put together that 500-page compendium for Your Honor.  This is not just a 12(b)(6) motion.  It's a 12(b)(1) motion.  And on the 12(b)(1) motion it's not the same issue of what's embraced in the complaint.  Your Honor is allowed to look outside the complaint.  Your Honor is allowed to look at that information to determine if there is a substantial or material difference between these models.

THE COURT:  Yeah, but most of the -- I mean, I didn't read all 500 and some pages, but most of it doesn't go to whether the configuration of the exhaust system is or is not the same.

MR. McNAMARA:  No.  But, Your Honor, what we believe it goes to, because they talk about the same kits, they talk about the same repairs and attempts to deal with this issue, that this isn't a problem that is just isolated to the models that our clients purchased.

THE COURT:  Yeah.  You're correct, I had forgotten, there is a 12(b)(1) motion and I can look outside the complaint as to that issue, as to that standing issue.

1    correct transcript from the record of proceedings in the

2    above-entitled matter.

3                    Certified by:   s/Debra Beauvais
                                     Debra Beauvais, RPR-CRR