# EXHIBIT 21

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| RILEY JOHANNESSOHN, DANIEL C. BADILLA, JAMES KELLEY, RONALD KRANS, KEVIN R. WONDERS, WILLIAM BATES, JAMES PINION, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 0:16-cv-03348-PJS-LIB<br><br><br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs request that within thirty (30) days of THE Rule 26(f) conference that Defendant POLARIS INDUSTRIES, INC., provide responses to the following requests at the offices of Cohen Milstein Sellers & Toll, PLLC, 1100 New York Avenue, NW, Suite 500, Washington, DC 20005.

1

## **DEFINITIONS**

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside of its scope.

2. "Any" shall include and encompass the words "each" and "all."

3. "Communication" shall mean any conversation, discussion or meeting, or any written, verbal, electronic or other presentation, disclosure, receipt, transfer, transmittal, or exchange of facts, ideas, information, inquiries, or opinions, however affected.

4. "Document" shall be construed in its broadest sense and shall include, but not be limited to, any and all tangible things, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, drafts, revisions, copies, non-identical copies, and markups of drafts. The term "document" specifically includes, but is not limited to: agreements, communications, including intra-company communications, letters, facsimile transmissions, telegrams, telephone bills and records, cables, records, books, summaries or records of personal conversations or interviews, presentations with attachments; meeting agenda's, meeting attendance sheets, forecasts, statistical statements, accountants' work papers, brochures, pamphlets, circulars, press releases, contracts, telephone messages, slips and logs, diary entries, electronic mail, calendars, reports, evaluations, assessments, analyses, test results, correspondence, memoranda, notes, videotapes, video cartridges, audio tapes, electronic recordings

of any kind, drawings, graphics, graphs, maps, diagrams, charts, photographs, computer diskettes and disks, tables, indices, recordings, tapes, microfilms, minutes or records of meetings, reports of investigations, opinions or reports of consultants, and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed to be outside of its scope.

6. "Any" shall include and encompass the words "each" and "all."

7. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

8. Electronic documents shall be produces pursuant to an ESI protocol agreed to by the parties.

9. "Exhaust Heat Defect" or "Exhaust heat issues" shall mean issues related to the exhaust pipes on the Sportsman ATV as discussed in the operative Complaint. This includes but is not limited to excessive heat; exhaust pipes glowing or becoming hot; fenders, seats, seat brackets or other components melting, deforming, or requiring replacement; and complaints from riders of excess heat or burns.

10. "Footwells" is intended to mean the place where a rider places his or her foot when riding the Sportsman ATV.

11. "Heat Shield Kit" refers to the parts provided by Polaris for increasing

3

shielding of the Sportsman ATV exhaust system, including but not limited to part # 2876773.

12. "Left Side Body Panels" is intended to mean all body panels affixed to the Sportsman ATV which are attached left of the centerline of the ATV as the operator sits on same.

13. "Parts Guide" refers to any guide created by Polaris that lists replacement parts for the Sportsman ATVs.

14. "Polaris" shall include Polaris Industries, Inc., and all of its subsidiaries, divisions and affiliates, and any of their directors, officers, employees, consultants, agents, representatives and attorneys therefore, and/or any other persons or entities purporting to act on behalf of Polaris and/or under any or all of Polaris' control.

15. "Right Side Body Panels" is intended to mean all body panels affixed to the Sportsman ATV which are attached right of the centerline of the ATV as the operator sits on same.

16. "Seat Retention Kit" refers to the parts provided by Polaris to repair or replace seats on the Sportsman ATV seat, including, but not limited to part #2204682.

17. "Sportsman ATV" shall mean any ATV sold by Polaris under the brand name Sportsman.

18.  "Trouble Shooting Guide" shall refer to any manual describing or identifying problems with their Sportsman ATV.

19. "Warranty Data" refers to any claims made under the Sportsman ATV express warranty, whether or not Polaris accepted the cost of repair.

20. "You" or "Your" shall mean the party or parties to whom this Request for Production is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, and all other persons acting or purporting to act on its behalf.

## INSTRUCTIONS

1. Where a claim of privilege is asserted in objecting to any interrogatory or document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

    a. Identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

    b. Provide the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

2. Unless otherwise specified, the time period applicable to each

5

interrogatory below is from January 1, 2009, to the present.

## INTERROGATORIES

1. From January 1, 2010 to December 31, 2016, state how many Sportsman ATVs you have manufactured, sold, the number of customers, and the total sales per year per state.

2. Identify by part number and date of initial production all service kits you created that address the Exhaust Heat Defect, including but not limited to Seat Retention Kits, Heat Shield Kits, Right Side Body Panels, and Footwells. State how many of these kits and replacement parts you have sold per year or provided per year. State the price for the kits and parts, as well as the part numbers.

3. As to any warranty claims regarding exhaust heat issues, State the total number of warranty inquiries for the Sportsman ATVs; the total number of warranty claims honored for the Sportsman ATVs related; and the total cost to You regarding those warranty repairs.

4. With respect to the Sportsman ATV, state the name of the persons responsible for:

    a. Designing the exhaust system and validating the design;

    b. Marketing the Sportsman ATV;

    c. Responsible for warranty fulfillment on the Sportsman ATV;

    d. Responsible for communicating with Sportsman ATV customers about warranty claims or other questions;

    e. Responsible for designing the Seat Retention Kit, the Heat

Shield Kit, and validating the design;

   f. Responsible for communicating with customers on websites, including but not limited to www.BBB.org; www.saferproducts.gov; www.consumersaffairs.com; http://atvconnection.com/forums/polaris/; http://forum.highlifter.com/; www.polarisatvforums.com/forums/polaris-sportsman.com, and www.atvconnection.com/forums/polaris/.

 5. Describe any alternative designs considered for the Sportsman ATV exhaust system.

 6. Identify all modifications to the Sportsman ATV exhaust system, and state when those changes occurred.

 7. Describe any recalls, goodwill programs, or other special refund or rebate programs you had any Polaris Sportsman ATVs related to melting components or exhaust heat issues. The description should include any dates, models, and amounts involved in the program. This should include, among other things, the "Goodwill Coverage" extended to Sportsman owners for "heat related damage to plastic components" as referenced in Polaris' response to CPSC Report # 20120831-3EB9B-2147464186.

 8. Please state the basis, including all engineering reasons, for recalling the Sportsman ATVs 850 and 1000, MY2015 and 2016, and excluding from the recall all other Sportsman ATV models. Please explain how this program will prevent further exhaust heat problems from reoccurring.

 9. List any previous lawsuits related to exhaust heat related claims.

10. Provide the warranty, repair, return and refund rate for each model, and how each such rate was calculated. This should include, among other things, the right side body panel replacements; seat replacement, and foot well replacement.

DATED this 18th day of July, 2017.

Respectfully submitted,

 /s/ Douglas McNamara

Karen Hanson Riebel (MN Bar No. 219770)
Kate M. Baxter-Kauf (MN Bar No. 392037)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: 612-596-4097
Facsimile: 612-339-0981


Theodore J. Leopold (admitted pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL  33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401

Andrew N. Friedman (admitted pro hac vice)
Douglas J. McNamara (admitted pro hac vice)
Eric A. Kafka (admitted pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
East Tower, 5th Floor
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699

Steve Calamusa (admitted pro hac vice)
Robert Gordon  (admitted pro hac vice)
**GORDON & DONER**
4114 Northlake Blvd.,
Palm Beach Gardens, FL  33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050

**Attorneys for Plaintiffs**

9