# EXHIBIT 26

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Johnson, individually and on behalf of a class of similarly situated individuals, | Civil No. 15-cv-2097 (JRT/HB) |
| Plaintiff, | |
| v. | **PRETRIAL SCHEDULING ORDER** |
| Bobcat Company, | |
| Defendant. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The parties and their counsel are expected to work diligently to meet these deadlines. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1]

The parties are expected to work cooperatively throughout this litigation to narrow the issues in dispute, to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes, and to keep the court timely informed of developments in the case that could significantly affect the case management schedule.

---

[1] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to file a formal motion; however, the stipulation must set forth good cause for modification of the order as required by Local Rule 16.3.

**PLEADINGS**

1. All motions that seek to amend or supplement the pleadings (other than to add a claim for punitive damages) or to add parties must be filed and served on or before **May 31, 2016**.

2. All motions that seek to amend the pleadings to add a claim for punitive damages or bad faith damages under Minn. Stat. § 604.18, if applicable, must be filed and served on or before **June 30, 2017**.

3. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading. (See Local Rule 15.1.)

**FACT DISCOVERY DEADLINES AND LIMITS**

Defendant has proposed bifurcation of fact discovery so as to focus on discovery pertinent to class certification prior to the Court's decision on that motion, and to postpone "merits" discovery until after the Court rules on class certification. Plaintiff opposes bifurcation. The Court has considered carefully the parties' positions, and is not persuaded that, in the circumstances of this case, there is a sufficiently clear distinction to be made in the scope of discovery relevant to the respective phases. The Court is therefore concerned that bifurcation would result in more disputes, more delay, and greater likelihood of duplication, outweighing any efficiencies that might be gained. Therefore, the Court denies Defendant's request to bifurcate discovery outright. At the same time, the Court is cognizant of the risk that unfettered discovery prior to class certification could be both extensive and expensive, and could impose vastly asymmetrical burdens on Defendant before the certification motion has even been brought, let alone decided. Accordingly, the Court expects the parties to work together cooperatively to prioritize discovery that will be necessary for the class certification

decision and to defer discovery that would not be relevant (or, even if arguably relevant, would not be proportional to the needs of the case) unless a class is certified. The Court will also consider objections that the scope of any particular discovery request is disproportionate to the needs of the litigation at the pre-certification stage, particularly if it is not supported by the allegations in the pleadings. The Court will, if appropriate, consider denying, limiting or deferring such requests, or shifting some or all of the cost of compliance. See, e.g., *Boeynaems v. LA Fitness International, LLC*, 285 F.R.D. 331, 334–35, 341 (E.D. Pa. 2012).

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **May 31, 2016**. Documents identified by category or location will be produced on or before **May 31, 2016**.

2. Fact discovery procedures must be commenced <u>in time to be completed</u> on or before **May 31, 2017**.

3. In order to facilitate the scheduling and taking of depositions, the parties shall substantially complete their document production by **August 31, 2017**.

4. No more than a total of **30 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side.

5. No more than **60 document requests** shall be served by each side.

6. No more than **25 requests for admissions** shall be served by each side.

7. The parties are reminded that Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

8. No more than **15 depositions**, excluding expert witness depositions, shall be taken by each side.

**NON-DISPOSITIVE MOTIONS**

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1.[2] *The "meet and confer" requirement shall include attempts to do so through personal contact, rather than solely through correspondence.* All non-dispositive motions shall be scheduled for hearing by calling Judith Kirby, Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

1. Non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, shall be filed and served on or before **June 30, 2017**. This includes motions relating to fact discovery and motions to amend this Scheduling Order.[3]

2. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **June 30, 2017**.

---

[2] The parties are reminded that under Local Rule 7.1, the time for filing and serving a response to a non-dispositive motion is counted from the date of filing of the motion, not from the date of service. Therefore, Fed. R. Civ. P. 6(d) has no application to the timing for the filing and service of responses.

[3] Parties who agree by stipulation to seek a modification of this Scheduling Order may submit the stipulation with the proposed order to the Court without a motion and do not need to comply with Local Rule 7.1(b); however, the stipulation must set forth the grounds for modification of the order as required by Local Rule 16.3.

   3.   Before scheduling or filing any formal motion relating to discovery, the movant must request a conference with the Court by calling Judith Kirby, Courtroom Deputy/Judicial Assistant to Magistrate Judge Bowbeer, at 651-848-1900.

**INFORMAL DISPUTE RESOLUTION (IDR)**

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the Court. If the parties agree, the "moving party" must electronically file a letter to the Magistrate Judge representing that the parties wish to engage in IDR, and setting forth the well-defined issue to be resolved, the party's position on the issue, the factual and legal basis, and a clear bullet-point summary of the relief sought. Within three business days after the "moving party's" letter is filed, each responding party must electronically file a letter confirming its agreement that the dispute may be resolved through IDR and setting forth its position on the merits of the dispute. The parties' letters need not be e-mailed to chambers unless they are filed under seal because they include confidential information. The title of the document on CM/ECF must include the term "IDR Request." For purposes of this process, a letter that is filed after 4:30 p.m. Central Time will be considered filed the following day.

Each letter must not exceed five (5) pages, single-spaced, and must include no more than three (3) exhibits. The letter from the requesting party must also have a clear, bold heading that identifies it as a request for IDR and states the date (no earlier than

5

three days following the date the responsive letter is due) by which the parties would like to be heard. The letters may include a concise discussion of legal authorities, but the court will not review lengthy briefs or voluminous exhibits, as the purpose of the IDR process is to reduce litigation costs. The Court will request additional exhibits or authorities if needed, and may in its discretion conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties. At least one (1) attorney knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the Magistrate Judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter.

There will be no transcript or other recording of IDR proceedings, and the decision of the magistrate judge on an issue submitted through the IDR process cannot be appealed to the District Judge. Therefore, if all parties to the dispute do not agree to participate in IDR, the dispute must be submitted to the Court by formal motion.

## EXPERTS

1. Each side may call up to **5** expert witnesses. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    Identification by Plaintiff on or before **January 17, 2017**.
    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **February 15, 2017**.

    Identification by Defendant on or before **February 28, 2017**.
    Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **March 31, 2017**.

    Rebuttal expert identities and disclosures on or before **May 15, 2017**.

3. Expert discovery, including depositions, shall be completed by **May 31, 2017**.

## SETTLEMENT CONFERENCE

The parties will discuss options for negotiating an early resolution, including the possible use of a private mediator or a court-facilitated settlement conference. The Court will hold a telephone status conference on **July 25, 2016 at 8:30 a.m.** to discuss the progress of those discussions as well as the status of discovery. No later than **July 21, 2016**, the parties must e-file a joint update letter regarding those topics, as well as any others the parties may wish to discuss with the Court on the call. Counsel shall also provide the name(s) and telephone number(s) for each attorney who will participate in the conference call in their joint status letter. Chambers will initiate the call.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its

discretion consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any ex parte request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to *bowbeer_chambers@mnd.uscourts.gov*. The Court will treat ex parte requests as confidential unless otherwise advised.

**CLASS CERTIFICATION MOTION**

1. Plaintiff shall file his motion for class certification on or before **June 30, 2017**.

2. Defendant shall file papers in opposition on or before **July 31, 2017**.

3. Plaintiff's reply shall be filed on or before **August 21, 2017**.

**DISPOSITIVE MOTIONS**

1. All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **June 30, 2017**.

2. Responses to dispositive motions shall be filed with the Court and served on or before **July 31, 2017**.

3. Replies to responsive briefs shall be served and filed on or before **August 21, 2017**.

Upon the class certification motion and dispositive motions, if any, being fully briefed and filed, counsel for the moving parties shall e-mail Chief District Judge John R. Tunheim's chambers at *tunheim_chambers@mnd.uscourts.gov* to request a hearing date for both motions. Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving parties shall file the amended notice of hearing at that time.

8

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 before the close of all discovery without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**TRIAL**

If Plaintiff does not file a motion for class certification, or if the Court denies Plaintiff's motion for class certification, the case will be ready for a jury trial on or before **September 30, 2017**. The anticipated length of trial is **15** days.

If the Court grants Plaintiff's motion for class certification, then no later than two weeks after the Court's decision, the parties will meet and confer and will e-file a joint letter setting forth their proposal regarding the schedule and deadlines for any remaining litigation and alternative dispute resolution activity that may be required before a trial ready date can be established.

Dated: May 26, 2016      s/ *Hildy Bowbeer*
                         HILDY BOWBEER
                         United States Magistrate Judge

9