# EXHIBIT 27

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Steven Gewecke, et al.,

                Plaintiffs,

                                            SECOND AMENDED
vs.                               PRETRIAL SCHEDULING ORDER

U.S. Bank, N.A., et al.,

                Defendants.               Civ. No. 09-1890  (JRT/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This case came before the Court upon the Motion of the Plaintiffs [Docket No. 159] to *Extend Scheduling Order*, and the Motion was heard by the Court on September 20, 2012.[1]

This case was first filed on July 17, 2009 [Docket No. 1], and during the next approximately 35 months, the efforts of the parties, as well as the Court, have been largely consumed by no less than three Motions for some form of non-dispositive and dispositive relief [Docket Nos. 27, 31, 55, 67, 72, 75, 106, 107, 115, 122, 127], three amendments to the Complaint along with their subsequent amended Answers [Docket Nos. 20-22, 71, 73-74, 123, 128], and a Motion to compel discovery [Docket Nos. 138, 155].  Indeed, the significant level of initial motion practice and other filings which had a direct effect on defining the nature of the claims and defenses being pursued in this case served to affectively delay the issuance of the initial Pretrial Scheduling Order, and the start of the

---

[1] The Plaintiffs' Motion to amend the pretrial schedule [Docket No. 159] was not opposed by any of the Defendants.

bulk of discovery efforts,[2] for this case until June 22, 2012 [Docket No. 110], which was almost two years into the life of this case.  There also presently remains the need for Plaintiffs to bring before the Court a class certification motion under Fed. R. Civ. P. 23; the result of which will undoubtedly serve to inform the parties (and the Court) as to the full scope of discovery likely needed for this case to be ready for trial.

Accordingly, in accordance with the provisions of the Local Rules for the District of Minnesota and Fed. R. Civ. P. 16, to administer the course of this litigation in a manner which promotes the interests of justice and judicial efficiency, and upon a showing of extraordinary circumstances, the Motion is GRANTED in part, and the following Second Amended Pretrial Schedule will now govern these proceedings.  **The Pretrial Schedule will not be further modified.**

**Counsel shall also comply with the Electronic Case Filing Procedures for the District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004.**

THEREFORE, It is --

ORDERED:

### I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **July 5, 2011**.  The period during which the parties may conduct discovery shall terminate on **May**

---

[2] The Court notes that when the initial Pretrial Schedule was set, this case involved individual plaintiffs and the discovery anticipated at that time too involved only individual plaintiffs. However, since that time the complaint has been amended to preliminarily plead a class action, and as a consequence, discovery has become somewhat more complex and involved because of the need to conduct class certification discovery in anticipation of a motion by Plaintiffs for formal certification of a class action in this matter under Fed. R. Civ. P. 23.

**21, 2013**.[3]   Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **October 30, 2011**.  However, as to discovery and motions for class certification pursuant to Fed. R. Civ. P. 23, the following deadlines shall apply:

1.      Class certification related discovery to be completed by **November 30, 2012**;

2.      Class certification related expert disclosures to be served as follows:

        a.      Plaintiffs' expert disclosures by **October 12, 2012**;

        b.      Defendants' expert disclosures by **November 9, 2012**;

3.      Class certification motion papers to be filed by **December 7, 2012**; Defendants' response papers to be filed by **December 28, 2012**; and Plaintiffs' reply papers to be filed by **January 11, 2013**.  Scheduling of a hearing on a motion for class certification shall be by the procedure set forth in paragraph IX below.

---

[3]See, Local Rules 16.2(d)(3) of the United States District Court For the District of Minnesota Local Rules.

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **June 21, 2013**, by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Leo I. Brisbois. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) and the Electronic Case Filing Procedures for the District of Minnesota.  No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

IV.

That no more than **50** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

V.

That no more than **10** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.  Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written report prepared and signed by the expert witness.  As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

> a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b.      The compensation to be paid for the study and testimony;

c.      A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d.      A complete statement of all opinions to be expressed and the basis and reasons therefor;

e.      The data or other information considered by the witness in forming the opinions; and

f.      Any exhibits to be used as a summary of or support for the opinions.

The Plaintiffs' disclosures shall be made on or before **March 21, 2013**.  The Defendants' disclosures shall be made on or before **April 21, 2013**.

## VII.

That the parties **do** contemplate taking expert depositions.  No more than **two (2)** experts may be deposed by any party without prior Order of the Court.

## VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

## IX.

That all dispositive Motions shall be fully briefed and filed by the moving party by **July 11, 2013.**  All dispositive motions must comply with Local Rule 7.1(c).  Responses to dispositive motions shall be filed with the Court and served on or before **August 1, 2013**.  Replies to responsive

briefs shall be filed and served on or before **August 15, 2013**.  Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge Tunheim's chambers at Tunheim_Chambers@mnd.uscourts.gov to request a hearing date.  Upon receiving from Judge Tunheim's calendar clerk a hearing date, time and location, the moving party shall file the amended notice of hearing at that time.

X.

That this case shall be ready for Trial on **November 15, 2013**[4], or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **Jury** Trial calendar.

BY THE COURT:

DATED: October 5, 2012                     s/Leo I. Brisbois
                                                            Leo I.  Brisbois
                                                            U.S. MAGISTRATE JUDGE

---

[4]**THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.