# EXHIBIT 28

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MINUTE ORDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Denise Cox and Terry Cox,

        Plaintiffs,

vs.

Zurn Pex, Inc. and Zurn
Industries, Inc.,

        Defendants.        Civ. No. 07-3652 (ADM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of the Plaintiffs for a Single-Phase Discovery Plan. A Hearing on the Motion was conducted on October 24, 2007, at which time, the Plaintiffs appeared by Shawn M. Raiter, and T. Joseph Snodgrass, Esqs.; and the Defendants appeared by Amy R. Freestone, and James A. O'Neal, Esqs. For reasons which follow, the Plaintiffs' Motion for a Single-Phase Discovery Plan is denied.

II. Factual and Procedural Background

This is a putative class action brought by the Plaintiffs against the Defendants Zurn Pex, Inc. and Zurn Industries, Inc. ("Zurn"), alleging that Zurn manufactured deficient brass plumbing systems that are subject to premature failure. The Plaintiffs allege a violation of the Magnuson-Moss Warranty Act, Title 15 U.S.C. §§2301, et seq., as well as several State law claims, and they seek damages, as well as declaratory and injunctive relief. See, Complaint, Docket No. 1-1.

According to the Plaintiffs, Zurn started selling plumbing systems, which consist of cross-linked polyethylene ("Pex") tubing and brass crimp fittings, around 2001 in Minnesota, and subsequently began receiving reports of the premature failure of the crimp fittings due to stress corrosion cracking ("SCC"). The Plaintiffs further allege that the SCC-induced failures in the crimp fittings have not been limited to Minnesota, but have been found in several other States, and they seek class certification that is either limited to customers in Minnesota, or expanded to include customers in some or all of the United States.[1] As related by the Plaintiffs, the crimp fittings were sold

---

[1]The first proposed class is defined as:

> [A]ll persons and entities that own a structure located within
>
> (continued...)

with a twenty-five (25) year Warranty that expressly covered consequential damages, and Zurn initially honored that warranty, and paid for failures that it attributed to SCC. The Plaintiffs contend that, as the number of SCC-related claims increased, Zurn began routinely to deny warranty claims, including the claims tendered by the Plaintiffs, after they experienced water damage to their house which they attribute to the failure of their Zurn-manufactured crimp fittings.

The parties met and conducted their Rule 26 conference on September 28, 2007. Before that meeting, counsel for each side exchanged letters concerning the discovery process. See, Affidavit of Shawn M. Raiter, Docket No. 12, at Exhibits R-

---

[1](...continued)
> the State of Minnesota that contains a Zurn Pex plumbing system with brass crimp fittings. The proposed class includes, without limitation, all such persons or entities who contacted Zurn or its representatives about their Zurn Pex plumbing system * * * and were denied or partially denied warranty coverage for failure of the Zurn Pex plumbing system on the grounds based on a claim that "corrosion" was not covered by the warranty or that other warranty limitations applied.

Complaint, Docket No. 1-1, at ¶37.

The additional proposed classes are substantively similar, but are defined as consisting of residents either all of the United States, or of some of the United States. Id. at ¶¶38-39.

- 3 -

S. Zurn proposed a bifurcated discovery plan, in which initial discovery would be directed to the issue of class certification, with discovery on the merits following the decision of the District Court on that issue. The Plaintiffs opposed that plan, and now move the Court for a Single-Phase Discovery Plan. See, Docket No. 7.

### III. Discussion

In support of their Motion for a single-phase discovery plan, the Plaintiffs argue that bifurcating discovery would cause undue delay, since much of the discovery, which is needed to support their claim for class certification, would also relate to the merits of their claims. Zurn disagrees, and reminds the Court of the guidance provided by Rule 23(c)(1), Federal Rules of Civil Procedure, that, "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so managed." According to Zurn, granting the Plaintiffs' Motion would delay any decision on the issue of class certification until the case approaches Trial, and could greatly increase the litigation costs of all parties.

In Larson v. Burlington Northern & Santa Fe Railway Co., 210 F.R.D. 663 (D. Minn. 2002), we considered a Motion to bifurcate discovery in a putative class action where the plaintiffs alleged that the defendant employer engaged in a scheme to

fraudulently settle employee claims which were brought under the Federal Employer's Liability Act. In that action, as here, both parties found support for their positions in the Manual for Complex Litigation ("MCL"). Section 21.14 of the MCL, Fourth Edition, provides as follows:

> Generally, application of the Rule 23 criteria requires the judge to examine the elements of the parties' substantive claims and defenses in order to analyze commonality, typicality, and adequacy of representation under Rule 23(a), as well as the satisfaction of Rule 23(b)'s maintainability requirements. * * * Some precertification discovery may be necessary if the allegations in the pleadings -- with affidavits, declarations, and arguments or representations of counsel -- do not provide sufficient, reliable information. * * * Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.

MCL, Fourth, Section 21.14.

Obviously, this portion of the Manual can be interpreted to favor either a single-phase, or bifurcated discovery and, while the Plaintiffs highlight the difficulty in distinguishing between merits-based discovery, from discovery that relates to the issue of class

certification, Zurn emphasizes the need to expedite the class certification process through bifurcation.

In <u>Larson</u>, we found that bifurcated discovery was appropriate, as discovery relating to the interaction between the individually-named plaintiffs, and the individual claims agent who negotiated with each plaintiff, would be sufficient to determine the suitability of class certification, and inquiry into the higher levels of the claims handling process could be reserved for discovery on the merits, if the class were ultimately certified. See, <u>Larson v. Burlington Northern & Santa Fe Railway Co.</u>, supra at 665-66. The Plaintiffs acknowledge our decision in <u>Larson</u>, but suggest that the facts, there, are distinguishable, since here, the issues involve a common defect, and common mechanism of causation, which lend themselves to class certification. The Defendants, however, vigorously contest that characterization, and note that neither party can definitively determine, at this time, what led to the failure of the crimp fittings, as there are many chemical, mechanical, and human causes, to explain the product failures. On this Record, whether the Plaintiffs' claims can serve as the proper vehicle for class claims is open to discovery.

The Plaintiffs cite <u>In re Plastics Additives Antitrust Litigation</u>, 2004 WL 2743591 (E.D. Pa., November 29, 2004), to support their contention that discovery should not

be bifurcated. There, the Court denied the Motion of the defendants to bifurcate discovery, because the case had already been pending for eighteen (18) months, without a decision on class certification. In contrast, this matter has, for all practical purposes, only commenced, and we remain confident that, with focused discovery -- particularly as to the question of causation -- the parties, and the Court, will be able to consider the propriety of class certification on a timely, and informed basis.

From the briefing submitted by the parties, the Plaintiffs appear to have misapprehended Zurn's proposal for bifurcation. In effect, the Plaintiffs express concern that Zurn will not allow discovery as to product design, testing, customer complaints, and the like. However, in its brief, and at the Hearing, Zurn pledged to allow that discovery from readily available sources which, they caution, can mostly be gathered in hard copy. Specifically, Zurn is prepared to produce, in the initial phase of discovery, copies of its claim files; a sampling of the actual clamp fittings that had been returned from the field, for the purposes of non-destructive testing and evaluation; sales data from October of 2002, to the present; design drawings and industry standards for the contested clamp fittings; and final versions of the relevant product literature.

In addition, Zurn advised that it would produce hard copies of product design logs, and perhaps, other materials that the Plaintiffs have yet to identify. Although the Plaintiffs conceded the utility of the proposed production, they expressed concern that the discovery, which has been identified by the Defendants, does not include any information that reflects the Defendants' internal analysis of the alleged failures of the crimp fittings, or any information that was stored in the form of email, and other electronically stored information.

Although we are sensitive to the concerns of the Plaintiffs, our goal in this, and all other litigation, is to ensure the just, speedy and inexpensive determination of the matter, as mandated by Rule 1, Federal Rules of Civil Procedure. To that end, we direct the parties to engage in focused discovery, on the issue of class certification -- beginning with those documents that Zurn has pledged to produce. While other documents, including electronically stored information, may prove to be relevant to the first stage of discovery, we cannot meaningfully make that prediction now, and require the parties to engage in what could be vastly more expensive, and yet utterly futile, discovery.[2]

---

[2]By way of example, Zurn represents as follows:

(continued...)

Therefore, while we deny the Plaintiffs' Motion for a Single-Phase Discovery Plan, should the parties uncover voids in the information disclosed in hard copy form, they are jointly, or individually, at liberty to press for further discovery including electronically stored information. Stated somewhat differently, the parties are not foreclosed from discovering relevant, electronically stored information but, in the first instance, and absent a showing of easy accessibility at an affordable cost, the first focus should be upon non-electronically stored information.

As we directed at the Hearing, Zurn should commence producing discovery responses as soon as practicable, and not wait until all of the relevant materials have been amassed for one mammoth production. Zurn estimated that the required

---

[2](...continued)
> Plaintiff's have failed entirely to explain why E-mail, hard drives, network files, and other loose media identified so far that range in the volume of nearly 900 gigabytes [i.e., somewhere around 50-60 million pages] alone * * * in addition[] to all other hard copy sources in their entirety that would need to be searched at this phase of the case to respond to their voluminous 72 document requests.

Zurn's Memorandum in Opposition, Docket No. 13, at p. 10.

While, ultimately, the parties may be required to bear the cost of such expansive discovery, we see no reason to impose that extraordinary burden at this preliminary juncture.

productions could hopefully be completed by mid-December, and therefore, we defer the conduct of an Initial Pretrial Conference, until **December 17, 2007, at 9:00 o'clock a.m., in Courtroom 14E, at the United States Courthouse, in Minneapolis, Minnesota.**[3]

NOW, THEREFORE, It is --

ORDERED:

1.   That the Motion of the Plaintiffs for a Single-Phase Discovery Plan [Docket No. 7] is DENIED, and the parties should proceed with discovery as detailed in this Minute Order.

2.   That an Initial Pretrial Conference will be conducted on **December 17, 2007, at 9:00 o'clock a.m., in Courtroom 14E, at the United States Courthouse, in Minneapolis, Minnesota**.

BY THE COURT:

Dated: October 26, 2007            *s/Raymond L. Erickson*
                                                       Raymond L. Erickson

---

[3] In advance of the Pretrial Conference, the parties should meet and confer to reach an accord on pretrial deadlines and, if an accord is unsuccessful, then they should separately submit their respective proposed Pretrial Scheduling Order.

CHIEF U.S. MAGISTRATE JUDGE