**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RILEY JOHANNESSOHN, DANIEL C. BADILLA, JAMES KELLEY, RONALD KRANS, KEVIN R. WONDERS, WILLIAM BATES, JAMES PINION, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 0:16-cv-03348-PJS-LIB<br><br>**POLARIS INDUSTRIES INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

# EXHIBIT 2

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

R. Allan Pixton
To Call Writer Directly:
+1 312 862 2453
allan.pixton@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

June 29, 2018

**Via E-mail**

Eric A. Kafka
Cohen Milstein
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005

Douglas J. McNamara
Cohen Milstein
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005

Re:   *Johannessohn, et al. v. Polaris Industries Inc.*, 16-CV-3348

Dear Counsel:

We write in response to your correspondence sent on June 25, 2018. As an initial matter, we respectfully disagree that your June 25 letter accurately memorializes the parties' meet and confers on either June 20 or 25, 2018. Although we do not believe it productive or necessary to address each of our disagreements in this regard, we will nevertheless address some of the topics we discussed to confirm our positions.

**IR Documents**. As we agreed in May 2018, Polaris searched for the Incident Reports ("IRs") requested by plaintiffs, reviewed the results, and produced those that are arguably discoverable to plaintiffs' claims in this litigation. Beyond this, Polaris has produced the vast majority of remaining IRs requested by plaintiffs, subject to Polaris' ongoing objections. For example, many of those IRs relate to vehicles outside of the scope of plaintiffs' complaint, including MY 2017/2018 vehicles, and therefore have no bearing on or connection to plaintiffs' claims. Polaris nonetheless has produced them to avoid an unnecessary dispute requiring the Court's intervention, but with a full reservation of its rights and objections. In a further effort to resolve this issue without the need for the Court's involvement, Polaris will shortly produce, without waiving its objections, the IRs numbered 20309 and 20923, as well as the testing summary associated with IR 20213/21594, and those IRs related to MY 2017/2018 international vehicles (14315, 14336, 16489).

The remaining IRs sought by plaintiffs relate to vehicles that are not yet released (22522, 22689, 22902, 22979, and 23066). None of the vehicles involved in these IRs, by definition, are the vehicles identified in plaintiffs' complaint - in fact, they relate to MY 2019 vehicles that are in pre-production, subject to further design change, and not even available for sale. Some of the IRs

# KIRKLAND & ELLIS LLP

Douglas J. McNamara
Eric A. Kafka
June 29, 2018
Page 2

related to MY 2019 vehicles involve ongoing investigation and are incomplete. Simply put, plaintiffs are not entitled to these documents, and Polaris will not produce IRs related to unreleased MY 2019 vehicles.

**Deposition Dates**. We have reached out to former Polaris employees Jesse Santi and Joseph Yechout in an effort to coordinate their voluntary attendance at depositions, thereby avoiding the need for a subpoena. Mr. Santi has confirmed his willingness to appear voluntarily at a deposition, and as such we do not believe that a subpoena is appropriate or necessary. In light of his new employment in Michigan, Mr. Santi has requested a deposition date at the end of the discovery period in August. We are still waiting to hear back from Mr. Yechout and will you once we hear from him. With respect to Bryce Evans, we will work with you on re-scheduling his deposition given the unexpected issue involving his earlier deposition date. Polaris proposes conducting the depositions of Mr. Evans, Jonathan DeKay, and Rob Stroot (in his individual capacity) during the weeks ending August 6 and August 13, 2018 in the Minneapolis area. We will provide exact dates and location(s) for the depositions shortly.

**Sportsman ATV Data and Charts**. Polaris disagrees that this issue is ripe for motion practice. Polaris has been working to identify the information requested by plaintiffs, and to make a determination as to whether it is responsive. Polaris agrees to search for and produce responsive, non-privileged test data relating to the two specific sets of tests that plaintiffs requested (January 2017 850/1000 testing and November 2016 570 testing) to the extent the information is reasonably available and Polaris has not already produced this data, with a full reservation of Polaris' rights and objections. Polaris will also perform a reasonable search to confirm that any developmental testing data related to the Sportsman ATV exhaust system that is responsive to plaintiffs' RFP No. 7, as limited by Polaris's objections to that request, has been produced. If Polaris locates any such data that has not been produced, we will produce it by the date requested by plaintiffs, *i.e.*, July 29, 2018. We believe this resolves plaintiffs' request, and that there is no dispute to raise with the Court. If you disagree, we request a meet and confer to understand why you believe this issue is not resolved.

**Privilege Designations and Proposed 502(d) Order**. We are reviewing the 197 documents identified in plaintiffs' privilege log challenges provided three days ago (June 26, 2018). In the interim, we attach revisions to the proposed Rule 502(d) order as Exhibit A. We have accepted your proposed changes and made a few revisions in redline. Please review and let us know if you have any issues with our revisions. We would like to submit the proposed 502(d) order with plaintiffs' agreement.

Additionally, we note that the following documents identified in plaintiffs' June 26, 2018 email have already been produced: PRIV2_00195; PRIV2_00659; PRIV2_00660; PRIV2_00661;

## KIRKLAND & ELLIS LLP

Douglas J. McNamara
Eric A. Kafka
June 29, 2018
Page 3

PRIV2_00701; and PRIV2_00873.  While we maintain our previously stated position that all documents withheld contain privileged materials subject to attorney-client and/or work product immunities, to the extent we identify portions of documents that can be produced with privilege redactions, Polaris will provide a redaction production with an accompanying redaction log by Monday, July 2, 2018. Please advise as to when Polaris might expect Plaintiffs' privilege log, which we have yet to receive.

**Plaintiffs' Privilege Log**.  As previously discussed in our meet and confers, as well as our June 15, 2018 letter, we have yet to receive plaintiffs' privilege log.  We request that plaintiffs produce their privilege log by Friday, July 6, 2018.  If plaintiffs are unable to meet this date, please advise as soon as possible when you will produce it.

**CRM and Warranty Database Supplementation**.  Polaris is still considering your request to supplement its production of CRM and warranty database information.  Because it has only been four days since plaintiffs made this request for the first time, we have not finalized our position to plaintiffs' request and will respond by the end of next week.   Accordingly, this issue is not yet ripe for the Court's intervention.

**Yechout Data**.  As discussed on our meet and confer, Polaris intended to produce any responsive, non-privileged Yechout custodial data this week. Mr. Yechout's data is taking longer to process than we anticipated, and and will provide an update by end of next week, if not sooner, as to the status on any additional documents or data that will be produced.  To be clear, based on the processing that we have been able to conduct to date, we have not identified any responsive documents that have not yet been produced.

**Capital One Subpoena and RFP**.  In an email earlier today, you informed us that plaintiffs have withdrawn the Capital One subpoena.  In the June 25 meet and confer, you agreed to limit the requests for production served on Polaris regarding the same topic to documents relating to how, if at all, heat management issues affected financing of Polaris vehicles.

**Dealer Subpoenas**.  During the June 25, 2018 meet and confer, you indicated that plaintiffs have narrowed their subpoena requests for some dealers, and agreed to share with us those details.  Please provide this information.

**Scope of July 13 Hearing**.  Finally, during our June 25 meet and confer, we objected to plaintiffs moving forward with a July 13, 2018 motion to compel hearing in front of Judge Brisbois when, among other things, plaintiffs' supplemental productions will not be completed in time for Polaris to review and file any necessary motions.  You indicated that plaintiffs believe Judge Brisbois would not be opposed (and plaintiffs will not oppose) if Polaris raised any issues with

# KIRKLAND & ELLIS LLP

Douglas J. McNamara
Eric A. Kafka
June 29, 2018
Page 4

plaintiffs' production and/or subpoenas in response to plaintiffs' motion to compel so that such issues could be heard at the July 13 hearing. Polaris reserves its rights in this regard.

        Sincerely,

        /s/ R. Allan Pixton

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Riley Johannessohn, Daniel C. Badilla, James Kelley, Ronald Krans, Kevin R. Wonders, William Bates, James Pinion, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Polaris Industries, Inc.,<br><br>　　　　　　Defendant. | Civ. No. 16-cv-3348 (PJS/LIB) |

**AGREED ORDER REGARDING PRODUCTION OF PROTECTED MATERIAL PURSUANT TO FED. R. EVID. 502(d)**

Based upon the Stipulation For Entry Of Fed. R. Evid. 502(d) Order filed by the parties [Docket No. ___],

**IT IS HEREBY ORDERED** that:

1. The production of material or any other information protected by the attorney client privilege or attorney work-product doctrine, whether inadvertent or otherwise, will not constitute a waiver of any privilege or protection in this proceeding or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. A disclosing party may identify for clawback protected documents previously produced. The producing party seeking clawback of previously produced

documents must identify the files that are the subject of the clawback by unique document identifier.

3.  If the receiving party does not intend to challenge the designation of the document(s) identified for clawback as protected material, the receiving party shall: (i) take reasonable steps to retrieve the protected material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the protected material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within five (5) business days of notification.

4.  If the receiving party intends to challenge the designation of the document(s) identified for clawback as protected material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the disclosing party, the receiving party: (i) must not use or disclose the protected material until the claim is resolved; and (ii) must take reasonable steps to retrieve the protected material if the receiving party disclosed it before being notified. If the receiving party intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the disclosing party.

5.  The parties agree that they will not subsequently seek to clawback documents marked as exhibits ~~used during~~in previous depositions taken to date in this matter.

3

5.6.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or any other information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

Dated: _____2018.       _____
                                         Leo I. Brisbois
                                         United States Magistrate Judge