**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RILEY JOHANNESSOHN, DANIEL C. BADILLA, JAMES KELLEY, RONALD KRANS, KEVIN R. WONDERS, WILLIAM BATES, JAMES PINION, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 0:16-cv-03348-PJS-LIB<br><br>**POLARIS INDUSTRIES INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

# EXHIBIT 3

# COHENMILSTEIN

Eric Kafka<br>
(202) 408-3685<br>
ekafka@cohenmilstein.com

June 25, 2018

*Via Email Only*

Allan Pixton
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

  Re: *Johannessohn v. Polaris, Inc.* – Privilege Log

Dear Mr. Pixton:

  Thank you taking the time to speak with us today regarding discovery in Johannessohn v. Polaris. I am writing to memorialize the issues the discussed by the parties on today's call.

  First, the parties discussed Plaintiffs' ongoing request that Polaris produce the Incident Reports (IRs) specified in Mr. McNamara's April 25 letter. Polaris explained that it is withholding some of the IRs because IR either pertains to Sportsman ATVs sold internationally (IR nos. 14315 and 14336) or later Sportsman models (IR nos. 20923, 22522, 22689, 22902, 22979, 23066, and 16489). Polaris also stated on the call that it has withheld IR no. 20309 because it is (in Polaris' view) irrelevant. As Plaintiffs have explained before, these IRs are all relevant, and the existence of IRs after the July 2017 service advisory or March 2017 recall would provide relevant evidence regarding the adequacy of the service advisory and recall. Sportsman ATVs sold internationally may still provide relevant evidence on many issues, including notice.  As for IR no. 20213, the IR pertains to foil on the fuel tank failing off – a problem that is often caused by excess exhaust heat. The parties are at impasse, and Plaintiffs are currently preparing to file a motion on Friday on this topic. If Polaris plans to produce additional IRs, please let us know no later than tomorrow.

  Polaris did not produce testing studies referenced for IR Nos. 20213 and 21594. Defense Counsel agreed to review this matter. Please let us know if and when Polaris will produce these studies.

COHENMILSTEIN

June 25, 2018
Page 2

      Second, the parties discussed deposition dates for Jesse Santi, Joe Yechout, Rob Stroot, Jonathan DeKay, and Rob Stroot. Regarding Mr. Evans, Steven Calamusa traveled to Roseau, MN to depose Mr. Evans on June 20, and Mr. Evans cancelled the deposition on June 19. Under these circumstances, Plaintiffs ask that Polaris make Mr. Evans available for a deposition in Minneapolis during the weeks of August 6 or 13. Plaintiffs ask that Mr. Stroot and Mr. DeKay's depositions be held during those two weeks in Minneapolis, MN also, with Mr. Stroot's deposition going last. Please let us know this week if those dates and locations work for you. As for Mr. Yechout, Plaintiffs have been asking for month whether there is a counsel that will be representing Mr. Yechout, and Polaris still has not provided an answer. As Plaintiffs stated on the call, please provide an answer to that question by this Thursday. As for Mr. Santi, Polaris disclosed for the first time on this call that Mr. Santi no longer works for Polaris. Like with Mr. Yechout, please let us know no later than this Thursday if there is a counsel that will be representing Mr. Santi for this action.

      Third, Plaintiffs once again asked Polaris to state whether it will produce the underlying data and charts for its testing of Sportsman ATVs related to the exhaust heat issues. *See also* June 14, 2018 E. Kafka e-mail, June 21, 2018 E. Kafka e-mail. Please inform Plaintiffs of whether Polaris will withhold any of these documents, and if so, the nature of those objections. Plaintiffs also plan to include this issue in this Friday's motion.

      Fourth, the parties discussed the parties' ongoing dispute about Polaris' privilege designations. As stated in our prior correspondence, Plaintiffs will be asking the Court to order Polaris to produce approximately 200 documents from Polaris' privilege log. The parties also discussed Polaris' proposed Rule 502(d) stipulation. Plaintiffs agree that such a stipulation would be helpful in resolving disputes about the approximately 200 documents that Plaintiffs are requesting, as Polaris could allow Plaintiffs to view those documents without implicating waiver. As Plaintiffs explained on the call, Plaintiffs think it would be highly inappropriate for Polaris to attempt to clawback additional documents at this point in the litigation. Polaris already sought to clawback 5 documents, and at that time, Polaris presumably re-reviewed its production to ensure that it had not produced any privileged documents. Furthermore, if Polaris attempts to clawback documents at this time, it may delay depositions if the parties need to litigate the legitimacy of those clawback requests prior to the deposition. Plaintiffs did appreciate that Polaris stated on the call that it did not currently have plans to clawback specific documents, and that it is not planning on using the 502(d) order as a vehicle to clawback documents that have already been produced. In the spirit of compromise, Plaintiffs will agree to the 502(d) stipulation, if language is included that states that the parties will agree that they will not seek to clawback documents used during depositions.

      Fifth, Plaintiffs asked Polaris to supplement its production of responsive portions of the CRM and warranty databases so that it includes also responsive customer complaints and warranty requests from April 2017 to the present. (Polaris can use the same search terms as the its initial production.) Polaris requested that Plaintiffs identify the RFPs under which Plaintiffs

COHENMILSTEIN

June 25, 2018
Page 3

sought these documents. The RFPs are No. 10 and No. 16. Please inform Plaintiffs by Wednesday morning of Polaris' position.

Sixth, Plaintiffs asked Polaris to tell Plaintiffs when Polaris would finish its production of Joe Yechout's custodial documents. Polaris stated that it will produce some documents this week, and that it is still investigating whether there are additional sources of custodial data for Mr. Yechout.

Seventh, Polaris stated that it intends to object to Plaintiffs' third-party subpoenas to Capital One and dealers. As for the Capital One subpoena, Plaintiffs will inform Polaris no later than tomorrow if Plaintiffs will agree to withdraw this subpoena. As for the subpoenas to the dealers, Plaintiffs explained that Plaintiffs have pled a national class, and that it therefore does not matter if the dealer is in the same state as one of the named Plaintiffs. Furthermore, Plaintiffs explained that the third-party subpoenas to the dealers seek information relevant to many aspects of Plaintiffs' claims, including notice.

Sincerely,

*Eric Kafka*

Eric Kafka