**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RILEY JOHANNESSOHN, DANIEL C. BADILLA, JAMES KELLEY, RONALD KRANS, KEVIN R. WONDERS, WILLIAM BATES, JAMES PINION, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 0:16-cv-03348-PJS-LIB<br><br>**POLARIS INDUSTRIES INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

# EXHIBIT 6

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

R. Allan Pixton
To Call Writer Directly:
+1 312 862 2453
allan.pixton@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

June 15, 2018

**Via E-mail**

Eric A. Kafka
Cohen Milstein
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005

Douglas J. McNamara
Cohen Milstein
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005

Re:   *Johannessohn, et al. v. Polaris Industries Inc.*, 16-CV-3348

Dear Counsel:

We write in response to your correspondence sent on June 12, 2018 regarding entries on Polaris' privilege log.

As an initial matter, Polaris agrees that Minnesota law applies to attorney-client privilege claims in this matter.  We note, however, that "[i]n [a] diversity case, [federal courts] apply federal law to resolve work product claims and state law to resolve attorney-client privilege claims." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000); *see also Bartholomew v. Avalon Capital Grp.*, Inc., 278 F.R.D. 441, 447 (D. Minn. 2011); *A.O. Smith Corp. v. Lewis, Overbeck & Furman*, 1991 WL 192200, at *4 (N.D. Ill. Sept. 23, 1991) (Unlike the attorney-client privilege, the source of law for a federal court sitting in diversity jurisdiction "is federal rather than state."). Accordingly, when asserting privilege claims, Polaris has been mindful of both its state and federal legal obligations, and advises that many of the log entries you have challenged have been properly withheld pursuant to work product immunities.

The law is clear that documents created at the direction of counsel in response to investigations by federal agencies are made in anticipation of litigation and thus protected from disclosure. *See Escamilla v. SMS Holdings Corp.*, 2011 WL 13243580, at *21 (D. Minn. June 28, 2011) (documents created in investigation related to EEOC charge are work product created in anticipation of litigation).  This protection extends to documents created in connection with such an investigation even if such documents in other contexts may be created for a business purpose in the ordinary course.  *See Othon v. Bon-ton Dep't Stores, Inc.*, 2013 WL 12085170, at *2 (S.D. Iowa Apr. 3, 2013), report and recommendation adopted sub nom. *Othon v. The Bon-Ton Dep't Stores, Inc.*, 2013 WL 12085467 (S.D. Iowa June 14, 2013) (testing in connection with CPSC

## KIRKLAND & ELLIS LLP

Eric A. Kafka
Douglas J. McNamara
June 15, 2018
Page 2

investigation and recall is work product in anticipation of litigation even when such testing in the absence of CPSC investigation and recall would not be work product).

Additionally, while we continue to dispute your characterization of certain documents as "ordinary work product" as well as your claim that such documents are subject to production, we note here that you have "made no attempt to demonstrate the sort of substantial need or undue hardship required by Rule 26(b)(3) before protected ordinary work product may be discovered." *Pittman v. Frazer*, 129 F.3d 983, 988–89 (8th Cir. 1997).

Polaris has complied with its legal obligation to assert privilege only over appropriate communications under Minnesota law concerning attorney-client privilege. As previously explained in my May 30 letter, we have not seen any case law to suggest that there is one single standard in Minnesota governing the application of attorney-client privilege in a corporate setting. *See, e.g., Peerless Indemnity Insurance Company v. Sushi Avenue, Inc.*, 2017 WL 631547, at *3 (D. Minn. Feb. 15, 2017). Indeed, in *Peerless*, the Court noted that "[w]hile Minnesota has not explicitly adopted a test for the application of attorney-client privilege in a corporate setting, three tests have been considered, including one adopted by the Eighth Circuit." Similarly, the Court recently concluded that "[a]lthough Minnesota has not established a separate test for corporations, the attorney-client privilege is maintained in an employee's communication within the corporation in the Eighth Circuit if: (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his [or her] corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2017 WL 9325027, at *4 (D. Minn. May 5, 2017). Pursuant to this guidance from the Court, Polaris has thoughtfully evaluated the communications on its log, and only claimed privilege over a discrete set of documents that satisfy these requirements.

The law is also clear that communications that do not involve attorneys may be privileged as long as they reflect legal advice provided by attorneys. *Wilson v. Corning*, Inc., 2014 WL 12600838, at *2 (D. Minn. Oct. 24, 2014) (holding that "[c]ommunications among non-attorneys in a corporation may be privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services"); *Fair Isaac Corp. v. Experian Info. Sols., Inc.*, 2009 WL 10677709, at *3 (D. Minn. Sept. 4, 2009) (corporate privileged communications retain their privileged status within a corporation if an employee conveys legal advice received from counsel to other employees or officers of the corporation). In your June 8 letter, the overwhelming majority of the log entries plaintiffs have challenged in this category were created after the filing of plaintiffs' complaint and in many cases relate to the company's active response to matters

## KIRKLAND & ELLIS LLP

Eric A. Kafka
Douglas J. McNamara
June 15, 2018
Page 3

stemming directly from the litigation.  Such communications are protected by the attorney-client privilege and the work product doctrine; in fact, courts have routinely determined that communications involving counsel after the filing of a complaint are so likely to be privileged that they may presumptively be considered privileged.  *See, e.g., Prism Techs., LLC v. Adobe Sys., Inc.*, 2011 WL 5523389, at *2 (D. Neb. Nov. 14, 2011); *MTS Sys. Corp. v. Hysitron Inc.*, 2007 WL 2159490, at *8 (D. Minn. July 25, 2007).

***************************************

Polaris continues to maintain that most of your challenges to the logged documents are without merit.  We are particularly puzzled by challenges to communications with outside counsel after the commencement of this suit (*see, e.g.*, PRIV2_0973), and Polaris intends to maintain its claim of privilege with respect to these communications.

We are still waiting to receive plaintiffs' promised full document production, including but not limited to the missing social media account data and color photos you previously agreed to produce.  You indicated in your email dated June 7 that such productions would be forthcoming, and Polaris has been requesting their production for some time now.  Please let us know by June 18 when these materials will be produced.  In addition, please let us know when you will produce plaintiffs' privilege log for all relevant communications with counsel.

Notwithstanding the above, Polaris has re-reviewed the privilege log entries identified in your June 8 letter, and agrees to produce the log entries referenced in the attached Exhibit A. Polaris continues to reserve all rights and objections with respect to these documents.

Finally, and consistent with my discussion with Doug earlier this week, please find attached as Exhibit B a copy of a draft Rule 502(d) order that we intend to ask the Court to enter.  Please confirm that plaintiffs will consent to the entry of this order.

Please let us know if you would like to discuss further.


Sincerely,

/s/ R. Allan Pixton

# Exhibit A

| Exhibit A | | | | | |
|---|---|---|---|---|---|
| Prior Bates | New Priv Bates | Prior Bates | New Priv Bates | Prior Bates | New Priv Bates |
| PRIV0012 | PRIV2_00006 | PRIV0548 | PRIV2_00617 | PRIV0632 | PRIV2_00686 |
| PRIV0013 | PRIV2_00007 | PRIV0549 | PRIV2_00618 | PRIV0633 | PRIV2_00687 |
| PRIV0014 | PRIV2_00008 | PRIV0550 | PRIV2_00619 | PRIV0634 | PRIV2_00688 |
| PRIV0015 | PRIV2_00009 | PRIV0551 | PRIV2_00620 | PRIV0635 | PRIV2_00689 |
|  | PRIV2_00010 | PRIV0552 | PRIV2_00621 | PRIV0637 | PRIV2_00692 |
| PRIV0016 | PRIV2_00011 | PRIV0553 | PRIV2_00622 |  | PRIV2_00693 |
|  | PRIV2_00012 | PRIV0554 | PRIV2_00623 | PRIV0638 | PRIV2_00694 |
| PRIV0017 | PRIV2_00013 | PRIV0555 | PRIV2_00624 |  | PRIV2_00695 |
| PRIV0143 | PRIV2_00110 | PRIV0556 | PRIV2_00625 |  | PRIV2_00696 |
| PRIV0214 | PRIV2_00271 | PRIV0557 | PRIV2_00626 | PRIV0639 | PRIV2_00697 |
| PRIV0215 | PRIV2_00272 | PRIV0558 | PRIV2_00627 | PRIV0641 | PRIV2_00698 |
| PRIV0216 | PRIV2_00273 | PRIV0559 | PRIV2_00628 | PRIV0642 | PRIV2_00699 |
| PRIV0217 | PRIV2_00274 | PRIV0560 | PRIV2_00629 |  | PRIV2_00700 |
| PRIV0229 | PRIV2_00287 | PRIV0561 | PRIV2_00630 | PRIV0643 | PRIV2_00701 |
| PRIV0230 | PRIV2_00288 | PRIV0562 | PRIV2_00631 |  | PRIV2_00702 |
|  | PRIV2_00308 | PRIV0563 | PRIV2_00632 | PRIV0644 | PRIV2_00703 |
| PRIV0248 | PRIV2_00309 | PRIV0564 | PRIV2_00633 | PRIV0659 | PRIV2_00708 |
|  | PRIV2_00310 | PRIV0565 | PRIV2_00634 | PRIV0660 | PRIV2_00709 |
| PRIV0249 | PRIV2_00311 | PRIV0566 | PRIV2_00635 |  | PRIV2_00710 |
| PRIV0250 | PRIV2_00312 | PRIV0567 | PRIV2_00636 | PRIV0661 | PRIV2_00711 |
| PRIV0251 | PRIV2_00313 | PRIV0568 | PRIV2_00637 | PRIV0663 | PRIV2_00713 |
| PRIV0282 | PRIV2_00349 | PRIV0570 | PRIV2_00638 |  | PRIV2_00714 |
|  | PRIV2_00351 | PRIV0571 | PRIV2_00639 | PRIV0664 | PRIV2_00715 |
| PRIV0283 | PRIV2_00352 | PRIV0573 | PRIV2_00640 |  | PRIV2_00850 |
| PRIV0286 | PRIV2_00355 | PRIV0575 | PRIV2_00641 | PRIV0811 | PRIV2_00851 |
| PRIV0303 | PRIV2_00378 | PRIV0577 | PRIV2_00642 |  | PRIV2_00873 |
|  | PRIV2_00379 | PRIV0579 | PRIV2_00643 | PRIV0865 | PRIV2_00874 |
| PRIV0309 | PRIV2_00390 | PRIV0581 | PRIV2_00644 | PRIV0884 | PRIV2_00893 |
|  | PRIV2_00391 | PRIV0583 | PRIV2_00645 |  |  |
| PRIV0310 | PRIV2_00392 | PRIV0585 | PRIV2_00646 |  |  |
|  | PRIV2_00393 | PRIV0587 | PRIV2_00647 |  |  |
| PRIV0318 | PRIV2_00402 | PRIV0588 | PRIV2_00648 |  |  |
| PRIV0343 | PRIV2_00434 | PRIV0589 | PRIV2_00649 |  |  |
| PRIV0367 | PRIV2_00462 | PRIV0591 | PRIV2_00650 |  |  |
| PRIV0455 | PRIV2_00543 | PRIV0592 | PRIV2_00651 |  |  |
|  | PRIV2_00544 | PRIV0594 | PRIV2_00652 |  |  |
| PRIV0456 | PRIV2_00545 | PRIV0596 | PRIV2_00653 |  |  |
| PRIV0457 | PRIV2_00546 | PRIV0598 | PRIV2_00654 |  |  |
| PRIV0470 | PRIV2_00554 | PRIV0600 | PRIV2_00655 |  |  |
| PRIV0477 | PRIV2_00559 | PRIV0602 | PRIV2_00656 |  |  |
| PRIV0478 | PRIV2_00560 | PRIV0604 | PRIV2_00657 |  |  |
| PRIV0479 | PRIV2_00561 | PRIV0606 | PRIV2_00658 |  |  |
|  | PRIV2_00562 | PRIV0608 | PRIV2_00659 |  |  |
| PRIV0480 | PRIV2_00563 | PRIV0609 | PRIV2_00660 |  |  |
| PRIV0481 | PRIV2_00564 | PRIV0610 | PRIV2_00661 |  |  |
| PRIV0482 | PRIV2_00565 | PRIV0611 | PRIV2_00662 |  |  |
| PRIV0483 | PRIV2_00566 | PRIV0612 | PRIV2_00663 |  |  |
| PRIV0515 | PRIV2_00586 | PRIV0613 | PRIV2_00664 |  |  |
| PRIV0544 | PRIV2_00613 | PRIV0614 | PRIV2_00665 |  |  |
| PRIV0545 | PRIV2_00614 | PRIV0615 | PRIV2_00666 |  |  |
| PRIV0546 | PRIV2_00615 | PRIV0627 | PRIV2_00677 |  |  |
| PRIV0547 | PRIV2_00616 |  | PRIV2_00678 |  |  |

# Exhibit B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Riley Johannessohn, Daniel C. Badilla, James Kelley, Ronald Krans, Kevin R. Wonders, William Bates, James Pinion, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs<br><br>Polaris Industries, Inc.,<br><br>Defendant. | Civ. No. 16-cv-3348 (PJS/LIB) |

## AGREED ORDER REGARDING PRODUCTION OF PROTECTED MATERIAL PURSUANT TO FED. R. EVID. 502(d)

1. The production of material or any other information protected by the attorney client privilege or attorney work-product doctrine, whether inadvertent or otherwise, will not constitute a waiver of any privilege or protection in this proceeding or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. A disclosing party may identify for clawback protected documents previously produced. The producing party seeking clawback of previously produced documents must identify the files that are the subject of the clawback by unique document identifier.

3. If the receiving party does not intend to challenge the designation of the document(s) identified for clawback as protected material, the receiving party shall: (i) take reasonable steps to retrieve the protected material if it disclosed or disseminated such information before being notified; and (ii) promptly return or certify destruction of the protected material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within five (5) business days of notification.

4. If the receiving party intends to challenge the designation of the document(s) identified for clawback as protected material, it shall promptly sequester all copies of the document(s), pending Court resolution of the challenge. Following notice by the disclosing party, the receiving party: (i) must not use or disclose the protected material until the claim is resolved; and (ii) must take reasonable steps to retrieve the protected material if the receiving party disclosed it before being notified. If the receiving party intends to challenge the designation of the document(s), it shall move the Court for relief within ten (10) business days following notification by the disclosing party.

2

       5.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or any other information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

      So Ordered.

Dated:                                                                                  _____

                                                                                    **Leo I. Brisbois**
                                                                                     U.S. Magistrate Judge