UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Riley Johannessohn, et al., | Court File No. 16-cv-3348 (NEB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Polaris Industries, Inc., | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon the parties' Joint Motion Regarding Continued Sealing. [Docket No. 308].

For the reasons discussed below, the parties' Joint Motion Regarding Continued Sealing, [Docket No. 308], is **GRANTED**.

On October 10, 2018, Plaintiffs filed their Motion for Leave to Amend the Second Amended Complaint to Add Punitive Damages. [Docket No. 208]. In the motion practice surrounding Plaintiffs' Motion, the parties filed several documents under temporary seal. [Docket No. 209, 211, 214, 217–222, 224–273, 281, 283, 287–292].

On December 14, 2018, the undersigned denied as premature Plaintiffs' motion to amend. (Order [Docket No. 304]). As was explained to the parties in that December 14, 2018, Order, Plaintiffs' motion to amend was premature because the choice of law issues and class certification motion must first be resolved before a decision on Plaintiffs' request to assert class based punitive damages claims can be reached. (See, Id.). The denial of Plaintiff's motion was without prejudice because the denial was not on the merits. Put another way, reaching that

determination did not require the consideration of any of the documents the parties filed under temporary seal.

On December 18, 2018, the parties filed their Joint Motion Regarding Continued Sealing, [Docket No.308], regarding the documents the parties filed under temporary seal during motion practice surrounding Plaintiffs' motion to amend. In that Joint Motion, the parties agree that Docket Nos. 217, 219, 225, 227, 228, 229, 230, 232, 233, 234, 235, 236, 237, 239, 241, 242, 243, 245, 246, 248, 249, 250, 251, 252, 253, 254, 255, 258, 261, 267, 268, 270, 271, 272, 273, 287, 290, and 292 may be unsealed. The parties contend, however, that Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 should remain under seal.

Joint motion regarding continued sealing are governed by Local Rule 5.6(d)(2). Although Local Rule 5.6 does not explicitly set forth a standard of proof which parties must meet in order for the Court to change the prior sealing determinations made in the context of a joint motion regarding continued sealing under Local Rule 5.6(d)(2), the 2017 Advisory Committee Note to Rule 5.6 provides guidance regarding what must be shown in order for a document to be sealed under Local Rule 5.6. It states, in relevant part:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

Although Local Rule 5.6 is relatively new, in addition to the undersigned at least three other United States Magistrate Judge for the District of Minnesota, and one District Court Judge

for the District of Minnesota, has applied to a motion brought pursuant to Local Rule 5.6 certain well-established legal standards regarding sealing documents that have been filed with the Court. See, In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., No. 15-mdl-2666 (JNE/FLN), 2018 WL 3019901 (D. Minn. June 18, 2018); Blu Dot Design & Manufacturing, Inc. v. Stitch Industries, Inc., 17-cv-3208 (PJS/KMM), 2018 WL 1370533 (D. Minn. March 16, 2018); Feinwachs v. Minn. Hosp. Ass'n, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018). As the Eighth Circuit Court of Appeals has held:

> There is a common-law right of access to judicial records . . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013). "This right of access is not absolute, but requires a weighing of competing interests." Feinwachs, 2018 WL 882808, at *3 (quoting Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376 (8th Cir. 1990)). Even more specifically:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case."

IDT Corp., 709 F.3d at 1223 (citations omitted); see also, Feinwachs, 2018 WL 882808, at *3 (partially quoting the same). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." IDT Corp., 709 F.3d at 1224 (citations omitted).

Determining whether a document should remain sealed under Local Rule 5.6 "requires a weighing of competing interests." Feinwachs, 2018 WL 882808, at *3 (quoting Webster Groves Sch. Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1376 (8th Cir. 1990)). The more relevant information is to resolution by the Court of the dispute then at issue the greater weight to be assigned to the public's right to access that information. See, IDT Corp., 709 F.3d at 1224.

As noted above, the parties seek an Order of this Court maintaining Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 under continued seal. As also noted above, denial of Plaintiff motion to amend did not require consideration of Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291.

A review of Docket Nos. Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291demonstrates that each document contains information which could be the basis of at least some appreciable privacy interest.

On the other hand, Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 had no relevant value to this Court's exercise of its judicial power in resolving the issues before the Court in Plaintiffs' Motion for Leave to Amend the Second Amended Complaint to Add Punitive Damages. [Docket No. 208]. The documents were not considered by the Court and they played no significant or material role in this Court's exercise of its judicial power in resolving the issues before the Court in Plaintiffs' Motion for Leave to Amend the Second Amended Complaint to

Add Punitive Damages. [Docket No. 208]. The documents are not cited by the Court in its Order, [Docket No. 304], and they are not relevant to the Court's discussion in that Order.

Determining whether a document should remain sealed under Local Rule 5.6 "requires a weighing of competing interests." Feinwachs, 2018 WL 882808, at *3 (quoting Webster Groves Sch. Dist., 898 F.2d at 1376). The more relevant information is to resolution by the Court of the dispute then at issue the greater weight to be assigned to the public's right to access that information. See, IDT Corp., 709 F.3d at 1224.

Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 were largely irrelevant to resolution by this Court of the dispute in Plaintiffs' Motion for Leave to Amend the Second Amended Complaint to Add Punitive Damages, and therefore the weight to be assigned to the public's right to access Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 is de minimis. The privacy interests of parties as identified and embodied in Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291, however, is of an appreciable nature. Thus, in weighing the competing interest, the Court finds that the privacy interest in Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 outweighs the public's right to access the information contained in those same docket entries.

Therefore, to the extent it seeks the continued sealing of Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265,

266, 269, 283, 288, 289, and 291, the parties Joint Motion Regarding Continues Sealing, [Docket No. 308], is granted.

The Court notes that the continued sealing of Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 is based on the fact that the Court did not consider those documents in its exercise of judicial authority. Accordingly, the parties should not view the present Order as a basis upon which to file those documents under temporary seal if they are again filed in the motion practice surrounding some future motion.

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. The parties Joint Motion Regarding Continued Sealing, [Docket No. 308], is **GRANTED**, as set forth above,

2. Docket Nos. 217, 219, 225, 227, 228, 229, 230, 232, 233, 234, 235, 236, 237, 239, 241, 242, 243, 245, 246, 248, 249, 250, 251, 252, 253, 254, 255, 258, 261, 267, 268, 270, 271, 272, 273, 287, 290, and 292 may be unsealed; and

3. Docket Nos. 209, 211, 214, 218, 220, 221, 222, 223, 224, 226, 231, 238, 240, 244, 247, 256, 257, 259, 260, 262, 263, 264, 265, 266, 269, 283, 288, 289, and 291 may remain under continued sealing at this time.

Dated: January 7, 2019                          s/Leo I. Brisbois
                                                                               Leo I. Brisbois
                                                                               U.S. MAGISTRATE JUDGE