# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
+1 312 862 2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

October 21, 2019

The Honorable Nancy E. Brasel
United States District Court for the
District of Minnesota
348 Federal Building
316 N. Robert Street
St. Paul, MN 55101

> Re:   *Johannessohn, et al. vs. Polaris Indus. Inc.,* File No. 16-CV-3348-NEB-LIB

Dear Judge Brasel:

In advance of the Court's October 23 hearing, counsel for Polaris Industries Inc., ("Polaris") respectfully submits as supplemental authorities five cases that were either decided after the parties filed their briefs, or are relevant to the new arguments presented for the first time in plaintiffs' Reply in Support of Class Certification (Dkt. 391). Polaris also submits Exhibit E to the report of plaintiff's engineering expert, Colin Jordan, which Polaris mistakenly failed to file in connection with its Motion to Exclude the Opinions of Sarah Butler and Richard J. Eichmann Under Rule 702 And *Daubert* (Dkt. 371).

First, Polaris submits three recent decisions as supplemental authorities: *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 3564698 (S.D.N.Y. Aug. 6, 2019) (attached as Exhibit 1) and *Toby Schechner, et al., v. Whirlpool Corp.*, 2019 WL 4891192, (E.D. Mich. Aug. 13, 2019) (attached as Exhibit 2) submitted in support of Polaris' Memorandum in Support of its Motion to Exclude the Opinions of Sarah Butler and Richard J. Eichmann Under Rule 702 And *Daubert* (Dkt. 373) and Polaris' Reply in support thereof (Dkt. 406); and *In re Rail Freight Fuel Surcharge Antitrust Litig. - MDL No. 1869*, 934 F.3d 619 (D.C. Cir. Aug. 16, 2019) (attached as Exhibit 3) submitted in support of Polaris' Opposition to Plaintiffs' Motion For Class Certification (Dkt. 365); the *Schechner v. Whirlpool* decision is also relevant to Polaris' class certification opposition.

Second, Polaris submits two cases it intends to reference at the hearing that are relevant to plaintiffs' argument that their "price inflation" or "overcharge" theory proves not just damages, but *all* liability elements—an argument plaintiffs first made and disclosed in their Reply in Support of Class Certification (Dkt. 391 at 12-14): *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151 (2002) (attached as Exhibit 4) and *Carroll v. Philip Morris USA, Inc.*, 163 A.3d 91 (Del. Super. Ct. 2017) (attached as Exhibit 5).

**KIRKLAND & ELLIS LLP**

The Honorable Nancy E Brasel
October 21, 2019
Page 2

      Finally, Polaris submits Exhibit E to the report of plaintiffs' engineering expert, Colin Jordan, (attached as Exhibit 6) which was cited in footnote 126 of Polaris' opening memorandum in support of its motion to exclude plaintiffs' experts Butler and Eichmann (Dkt. 373).  Polaris discovered in preparing for the upcoming hearing that while properly referencing Exhibit E in its brief (note 126), it previously submitted Exhibit F rather than Exhibit E to Mr. Jordan's report, and writes now to correct that error. (Dkt. 375-19). This mistake has not prejudiced plaintiffs because the material at issue is an exhibit to their own expert's report. Polaris apologizes for this oversight.

                                                    Respectfully submitted,

                                                    /s/ Richard C. Godfrey, P.C.
                                                    /s/ Andrew B. Bloomer, P.C.

                                                    *Counsel for Defendant Polaris Industries Inc.*

cc:      Counsel of Record (via ECF)