UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Riley Johannessohn, Daniel C. Badilla, James Kelley, Ronald Krans, Kevin R. Wonders, William Bates, and James Pinion, | Case No. 16-cv-3348 (WMW/LIB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Polaris Industries, Inc., | |
| Defendant. | |

Before the Court is Plaintiffs' appeal of United States Magistrate Judge Leo I. Brisbois's January 19, 2022 Order, which denied Plaintiffs' motion to amend their complaint. (Dkt. 512.) For the reasons addressed below, the Court affirms the January 19, 2022 Order.

## BACKGROUND

Plaintiffs Riley Johannessohn, Daniel C. Badilla, James Kelley, Kevin R. Wonders, William Bates and James Pinion are individuals, residing in six different states, who purchased Sportsman all-terrain vehicles (ATVs) manufactured by Defendant Polaris Industries, Inc. (Polaris). Polaris is a corporation headquartered in Minnesota that manufactures ATVs and motorcycles. Plaintiffs commenced this lawsuit in October 2016, alleging that they purchased Sportsman ATVs built between 2009 and 2016 for amounts between approximately $7,000 and $13,000. Plaintiffs allege that the Sportsman ATVs share a common design defect that makes the ATVs dangerous to ride.

On August 18, 2017, Plaintiffs filed the operative corrected second amended complaint (SAC).   In the SAC, Plaintiffs allege that Polaris violated the consumer protection laws of Minnesota, California, Florida, Missouri, New York, and North Carolina by failing to disclose the Sportsman ATVs' line exhaust-heat problems, which artificially inflated market prices for the ATVs and presented safety risks to riders.

In October 2018, Plaintiffs sought leave to amend the SAC to add punitive damages. The magistrate judge denied the motion without prejudice, holding that the motion was premature because class certification and choice of law had not been decided.

Plaintiffs subsequently moved for class certification, arguing that Minnesota law should apply to all claims or, in the alternative, that the Court should certify six subclasses for each of Plaintiffs' states.   In addition, Polaris moved for summary judgment.   In a March 31, 2020 order, United States District Judge Nancy E. Brasel denied Plaintiffs' motion for class certification and Polaris's motion for summary judgment.[1]   The United States Court of Appeals for the Eighth Circuit affirmed the denial of class certification in August 2021. *See Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981, 988 (8th Cir. 2021).

On October 19, 2021, Plaintiffs renewed their motion to amend the SAC to add a demand for punitive damages to their consumer-protection claims brought under Minnesota, California, Missouri, and New York law.   As relevant to the punitive-damages issue, Plaintiffs allege that Polaris had "superior knowledge" that its Sportsman ATVs had an exhaust-heat defect that "present[s] a safety risk to riders, cause[s] damage to

---

[1]      Subsequently, this case was reassigned to the undersigned United States District Judge.

components over time, and ma[kes] the ATV dangerous and uncomfortable to use," yet Polaris hid the defect from consumers despite its duty to disclose.  Plaintiffs allege that Polaris represented that the Sportsman ATVs were of a "particular standard, quality or grade that they did not have;" the exhaust-heat defect information withheld from Plaintiffs "was material information that would impact the ordinary consumer making a transaction;" and Polaris's failure to inform consumers of the exhaust-heat defect was "likely to deceive reasonable consumers."  In their proposed third amended complaint, Plaintiffs sought to further allege that Polaris's "decision to deliberately not disclose what it knew about the exhaust[-]heat defect to consumers and to the [United States Consumer Product Safety Commission] constitute[s] deliberate indifference" and "a willful and conscious disregard for the rights and safety of others."

In a January 19, 2022 order, the magistrate judge denied Plaintiffs' motion to amend the SAC to add punitive damages.  The magistrate judge concluded that Plaintiffs failed to allege sufficient facts to support adding punitive-damages claims under Minnesota, California, Missouri, and New York law.  Plaintiffs appeal the January 19, 2022 Order.

## ANALYSIS

When reviewing an appeal of a magistrate judge's ruling on a nondispositive issue, the standard of review is "extremely deferential."  *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).  A magistrate judge's nondispositive ruling will be modified or set aside only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  A ruling is clearly erroneous when the reviewing court "is left with the definite

and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A court's decision is contrary to law when the court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

Leave to amend a pleading should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  There is not an absolute right to amend a complaint, however, and a motion to amend may be denied based on, among other reasons, "futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 990–91 (8th Cir. 2005) (internal quotation marks omitted); *accord Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019).  "An amendment is futile if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (internal quotation marks omitted).  Under Rule 12(b)(6), a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555.  Legal conclusions couched as factual allegations may be disregarded. *See id.*

Here, the magistrate judge determined that Plaintiffs failed to plausibly allege facts or present evidence sufficient to plead punitive-damages claims under Minnesota, California, Missouri, and New York law. The Court reviews the magistrate judge's conclusion as to each punitive-damages claim that Plaintiffs sought to add to their SAC.

## I.      Plaintiff Johannessohn

Plaintiffs object to the magistrate judge's conclusion that Johannessohn failed to present evidence sufficient to merit amendment of the SAC to include a punitive-damages claim under Minnesota law.

Specifically, Plaintiffs object to the magistrate judge's application of the requirements for amending a complaint set forth in Minnesota Statutes Section 549.191, rather than the more liberal standard for amending a complaint set forth in Federal Rule of Civil Procedure 15. This Court joins numerous Courts in this District that have required the pleading of punitive damages to conform to the requirements of Section 549.191. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, No. 10-cv-4948 (JRT/TNL), 2016 WL 6902408, at *3–7 (D. Minn. June 15, 2016); *Coy v. No Limits Educ.*, No. 15-93 (BRT), 2016 WL 7888047, at *2 (D. Minn. Apr. 1, 2016); *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1010 (D. Minn. 2013), *aff'd*, No. 12-1912 (JNE/JJK), 2013 WL 12320416 (D. Minn. Oct. 30, 2013). Indeed, the standard for success on a punitive-damages claim under Minnesota law "implicitly incorporate[s] . . . the requirement that the movant present a prima facie case of willful indifference," which is the standard set out in Section 549.191. *Bunker v. Meshbesher*, 147 F.3d 691, 696 (8th Cir. 1998) (internal quotation marks omitted). The magistrate judge did not commit clear error

or act contrary to law by requiring that Johannessohn's punitive-damages claim satisfy the requirements of Section 549.191.

Plaintiffs also object to the magistrate judge's consideration and assessment of the evidence in light of the standard for pleading punitive damages under Minnesota law. "Under Section 549.191, a plaintiff who seeks to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a *prima facie* showing of entitlement." *Olson v. Snap Prods., Inc.*, 29 F. Supp. 2d 1027, 1034 (D. Minn. 1998). If a plaintiff provides *prima facie* evidence of an entitlement to punitive damages, the court must grant the plaintiff leave to amend the complaint to add a claim for punitive damages. *See* Minn. Stat. § 549.191; *Swanlund v. Shimano Indus. Corp.*, 459 N.W.2d 151, 153–54 (Minn. Ct. App. 1990). "[T]he Court reviews the evidence in support of a Motion to Amend as the Court would review . . . a Motion for the Entry of Judgment as a matter of law." *Ulrich v. City of Crosby*, 848 F. Supp. 861, 867 (D. Minn. 1994). "Punitive damages [are] allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." *Olson*, 29 F. Supp. 2d at 1035 n.2 (quoting Minn. Stat. § 549.20). Clear-and-convincing evidence is "more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *See Ulrich*, 848 F. Supp. at 868 (quoting *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978)). "A mere showing of negligence is not sufficient to sustain a claim for punitive damages." *In re Levaquin Prods. Liab. Litig.*, No. 08-5743 (JRT), 2010 WL 7852346, at *5 (D. Minn. Nov. 9, 2010) (internal quotation marks omitted). "Deliberate disregard requires proof of intent or indifference to threaten the rights or safety of others." *Id.*

Plaintiffs allege that, although Polaris knew the appropriate temperatures for the safe and comfortable operation of their ATVs, Polaris deliberately sold Sportsman ATVs that Polaris knew exceeded those temperatures, would burn riders and could melt components.  Plaintiffs also allege that Polaris withheld information from the United States Consumer Product Safety Commission (CPSC) and dealers regarding CPSC's investigation of Sportsman ATVs and the insufficiency of Polaris's efforts to fix the exhaust-heat defect.

The magistrate judge concluded that Plaintiffs' evidence did not demonstrate a *prima facie* case of clear-and-convincing evidence that Polaris acted with deliberate disregard of Johannessohn's rights and safety, as required by Section 549.191.   The magistrate judge observed that a majority of the evidence on which Plaintiffs relied relates to other Sportsman ATV models and post-dates the date on which Johannessohn purchased his 2015 Sportsman 1000.  The magistrate judge concluded that the relevant evidence, comprising several customer complaints regarding heat-related issues in the Sportsman 1000 and a single company incident report, is insufficient to establish by clear-and-convincing evidence that Polaris was either aware of the high probability of burning and melting components on the 2015 Sportsman 1000 or that Polaris ignored these risks when Johannessohn purchased his ATV in August 2015.  This Court agrees.  In light of the evidence proffered, this Court concludes that the magistrate judge's denial of Plaintiffs' request to amend the SAC to add a claim for punitive damages on behalf of Johannessohn is neither clearly erroneous nor contrary to law.

## II.     Plaintiff Badilla

Plaintiffs object to the magistrate judge's conclusion that Badilla failed to allege facts sufficient to plausibly assert a punitive-damages claim under California law.

A "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend pleadings "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim*, 897 F.3d at 955 (internal quotation marks omitted). The futility exception applies "if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)" for failure to state a claim upon which relief can be granted. *Id.* (internal quotation marks omitted). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations may be disregarded. *See Iqbal*, 556 U.S. at 678.

Badilla sought to amend the SAC to assert punitive-damages claims for the violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. Only California's Consumers Legal Remedies Act, however, provides for punitive damages. *See* Cal. Civ. Code § 1780(a)(4).

California's Civil Code provides the standard for pleading punitive damages: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice,

the plaintiff, in addition to the actual damages, may recover [punitive] damages . . . ." Cal. Civ. Code § 3294(a).  " 'Malice' is defined as intentional injury or 'despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.' "  *Roby v. McKesson Corp.*, 219 P.3d 749, 765 (Cal. 2009), *as modified* (Feb. 10, 2010) (quoting Cal. Civ. Code § 3294(c)(1)).  "The mere allegation an intentional tort was committed is not sufficient to warrant an award of punitive damages."  *Grieves v. Superior Court*, 203 Cal. Rptr. 556, 560 (Cal. Ct. App. 1984) (citing *Taylor v. Superior Court*, 598 P.2d 854, 894–95 (Cal. 1979)).  A plaintiff must meet a high standard to obtain a punitive-damages award.  *See Henderson v. Sec. Nat'l Bank*, 72 Cal. App. 3d 764, 771 (Cal. Ct. App. 1977) (explaining that punitive damages are "never awarded as a matter of right," "are not favored by the law," and "should be granted with the greatest of caution . . . only in the clearest of cases"); *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 890 (Cal. Ct. App. 2000) (explaining that "the evidence in support of the award of punitive damages must satisfy a distinct and far more stringent standard" than the standard required to find bad faith).

Here, the magistrate judge determined that, at most, Plaintiffs' allegations suggested that Polaris had limited knowledge of some prior complaints about high temperatures and melting components on the type of ATV that Badilla purchased and that Polaris negligently failed to inform Badilla of these issues.  But the magistrate judge concluded that Badilla did not plausibly allege facts suggesting that, before Badilla purchased his ATV, Polaris purposely ignored clear evidence that the make of the ATV that Badilla purchased would burn consumers or melt components.  Nor did Badilla plausibly allege that Polaris made

knowingly false representations and concealed these facts from Badilla, acted in conscious disregard of his rights, or acted in a manner deliberately intended to oppress Badilla, the magistrate judge concluded. The magistrate judge determined for this reason that Plaintiffs fell short of articulating a plausible claim that Polaris acted intentionally with oppression, fraud or malice as to Badilla.

In light of Badilla's allegations, the magistrate judge's denial of Plaintiffs' request to amend the SAC to add a claim for punitive damages on behalf of Badilla is neither clearly erroneous nor contrary to law.

### III.    Plaintiff Wonders

Plaintiffs object to the magistrate judge's conclusion that Wonders failed to allege facts sufficient to plausibly assert a punitive-damages claim under Missouri law.

Wonders sought to amend the SAC to allege a violation of the Missouri Merchandising Practices Act (MMPA). The MMPA permits a court, in its discretion, to award punitive damages against defendants who employ unlawful sales practices. Mo. Rev. Stat. § 407.025.2(1). "Only outrageous conduct stemming from an 'evil motive or reckless indifference' can give rise to an award of punitive damages." *Chong v. Parker*, 361 F.3d 455, 458 (8th Cir. 2004) (quoting *Burnett v. Griffith*, 769 S.W.2d 780, 789 (Mo. 1989)). To obtain punitive damages, a party must show by clear-and-convincing evidence "a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred)." *Werremeyer v. K.C. Auto Salvage Co.*, 134 S.W.3d 633, 635 (Mo. 2004).

Plaintiffs allege that Wonders's Sportsman 570 ATV had exhaust-heat defects that Polaris hid from CPSC. As a result of the defect, Wonders allegedly suffered a burn on his leg. When Wonders reported the defect, Plaintiffs allege, the dealership informed Wonders that there were no exhaust-heat issues and the high temperatures were normal. Polaris also received three complaints regarding exhaust-temperature-related damage to ATV components and consumer burns involving the Sportsman 570, Plaintiffs allege. Some Sportsman 570 models experienced melted components and a Polaris incident report noted exhaust-heat problems, Plaintiffs allege. According to the complaint, when Polaris responded to a dealer that reported the melted components and temperature issues, Polaris informed the dealer that Polaris would provide consumers new seat kits and add new foil shields to future models.

The magistrate judge determined that the limited facts that Plaintiffs allege are insufficient to establish a plausible claim that Polaris acted with evil motive or reckless indifference to its consumers prior to Wonders's purchase of his Sportsman 570 in 2016. A defendant may be aware of an injurious defect in a product and continue to manufacture the product with the knowledge of some injuries without "necessarily act[ing] with the requisite wantonness to support punitive damages." *Ford v. GACS, Inc.*, 265 F.3d 670, 678 (8th Cir. 2001). Plaintiffs allege that Polaris was aware of complaints from one test rider and three consumers as well as a 2014 incident report identifying exhaust-heat problems. The magistrate judge concluded that these alleged facts, even if proven true, do not suggest that Polaris committed a wanton, willful, or outrageous act or acted with reckless disregard for the consequences of its actions. Rather, the magistrate judge

concluded, the facts as alleged by Plaintiffs suggest that Polaris's culpable mental state in failing to correct the alleged exhaust-heat defect before Wonders purchased his Sportsman 570 was not greater than negligence. For this reason, the magistrate judge determined, Plaintiffs failed to meet their burden for amending the complaint to add a punitive-damages award pursuant to the MMPA. *See Werremeyer*, 134 S.W.3d at 635.

In light of Wonders's allegations, the magistrate judge's denial of Plaintiffs' request to amend the SAC to add a claim for punitive damages on behalf of Wonders is neither clearly erroneous nor contrary to law.

### IV.   Plaintiff Bates

Plaintiffs object to the magistrate judge's conclusion that Bates failed to allege facts sufficient to plausibly assert a punitive-damages claim under New York law.

Bates seeks to amend the SAC to seek punitive damages pursuant to N.Y. Gen. Bus. Law § 349. "An award of punitive damages is warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness. " *Pellegrini v. Richmond Cnty. Ambulance Serv., Inc.*, 851 N.Y.S.2d 268, 269 (N.Y. App. Div. 2008) (internal quotation marks omitted). Punitive damages may be awarded only when "the defendant's wrongdoing is not simply intentional but evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations." *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 196 (N.Y. 2007) (internal quotation marks and brackets omitted).

The magistrate judge determined that Plaintiffs' allegations are insufficient to establish a plausible claim that, prior to Bates's purchase of his 2016 Sportsman 570, Polaris acted maliciously, wantonly or with a recklessness that suggests improper motive or vindictiveness, engaged in outrageous or oppressive intentional misconduct, or acted with reckless or wanton disregard of Bates's safety or rights.  New York courts do not award punitive damages even when a manufacturer of a defective product is aware of the defect in the product for years before the litigated incident and had been on notice of multiple prior incidents caused by the defect.  *See Camillo v. Geer*, 587 N.Y.S.2d 306, 309 (N.Y. App. Div. 1992).  Here, Plaintiffs allege that Polaris had some knowledge of prior complaints of exhaust-heat issues in the 2016 Sportsman 570 and that Bates had complained to the dealership about the issue.  But Plaintiffs do not allege any facts to plausibly suggest that Polaris acted maliciously, wantonly, or with a recklessness that implies an improper motive or vindictiveness.  Nor do Plaintiffs allege facts that suggest that Polaris engaged in outrageous or oppressive intentional misconduct, or acted with reckless or wanton disregard of Bates's safety or rights.  The magistrate judge concluded that Plaintiffs' evidence and allegations are insufficient to establish that Polaris's actions warrant the imposition of punitive damages under New York law.  For this reason, the magistrate judge denied Plaintiffs' motion to amend the SAC to add a punitive-damages claim under New York General law.  In light of the record before the Court, the magistrate judge's denial of Plaintiffs' request to amend the SAC to add a claim for punitive damages on behalf of Bates is neither clearly erroneous nor contrary to law.

Because the magistrate judge's January 19, 2022 denial of Plaintiffs' motion to amend the SAC to add punitive-damages claims is neither clearly erroneous nor contrary to law, the Court affirms the magistrate judge's January 19, 2022 Order.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's January 19, 2022 Order, (Dkt. 507), is **AFFIRMED**.

Dated:  August 22, 2022                                  s/Wilhelmina M. Wright____
                                                                        Wilhelmina M. Wright
                                                                        United States District Judge